**IMS ENGINEERS—ARCHITECTS, P.C., Appellant,**

v.

**Francis J. HARVEY, Secretary of the Army, Appellee.**

No. 2006–1328.

United States Court of Appeals, Federal Circuit.

June 27, 2006.

Before MICHEL, Chief Judge, LINN and DYK, Circuit Judges.

*ORDER*

PER CURIAM.

Iqbal Singh submits correspondence on behalf of IMS Engineers—Architects, P.C. requesting that IMS's motion for reconsideration in *Appeal of IMS Engineers—Architects, P.C.*, No. 53471, 2006 WL 587835 (ASBCA Mar. 9, 2006), be heard by the Armed Services Board of Contract Appeals. The Secretary of the Army has not responded. We consider whether we should remand to the Board to allow the Board to decide IMS's motion for reconsideration.

The Board denied IMS's appeal on March 9, 2006. IMS filed a motion for reconsideration with the Board on March 25, 2006 and an appeal with the court on April 6, 2006. On April 14, 2006, the Board informed IMS that because it had filed an appeal with the court, the Board was unable to take any action on IMS's motion for reconsideration. IMS now asks that his motion for reconsideration be heard by the Board.

We determine that the better course is to remand to the Board to allow the Board to decide IMS's motion for reconsideration. After the Board has issued a decision concerning the motion for reconsideration, IMS must file a new notice of appeal within the time set forth in 41 U.S.C. § 607(g) if it wishes to seek review of the Board's decision on reconsideration, the Board's March 9 decision, or both. *See Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 284, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (timely request for reconsideration extends time for appealing until agency rules on reconsideration request).

Finally, we note that counsel for IMS has not entered an appearance as required by the court's April 7, 2006 letter. If IMS appeals after the Board rules on its motion for reconsideration, counsel for IMS must enter an appearance within 21 days of the date of docketing of the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The case is remanded to the Armed Services Board of Contract Appeals.

(2) Each side shall bear its own costs.